```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

_____
                                     :
TYRONE GEARY,                        :    CIVIL ACTION
                                     :
            Petitioner,              :
                                     :
      v.                             :    NO. 07-59
                                     :
HARRY WILSON, et al.,                :
                                     :
            Respondents.             :
_____:

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

Presently before the Court is a pro se Petition for Writ of Habeas Corpus filed by the Petitioner, Tyrone Geary ("Petitioner"), pursuant to 28 U.S.C. section 2254. The Petitioner is currently incarcerated in the State Correctional Institution at Fayette located in LaBelle, Pennsylvania. For the reasons that follow, it is recommended that the Petition should be denied with prejudice and dismissed without an evidentiary hearing.

I.      **PROCEDURAL HISTORY**.[1]

Following two mistrials, on April 26, 1995, Petitioner was found guilty by a jury of one count of first degree murder, one count of second degree murder, two counts of robbery, and one count of possession of instruments of crime. Petitioner's

---

[1] This information is taken from the Petition for Writ of Habeas Corpus, the Response thereto, and the exhibits attached to those pleadings.

convictions arose from the stabbing deaths of his aunt and uncle on December 24, 1991, in Philadelphia when his aunt refused to give him more than $10 so that he could purchase drugs.[2]  On February 27, 1996, Petitioner was sentenced to an aggregate term of life imprisonment.  Petitioner filed a timely direct appeal of his life sentence.  The Pennsylvania Superior Court affirmed the judgment of sentence on October 21, 1998.  Resp., Ex. A; Commonwealth v. Geary, 731 A.2d 194 (Pa. Super. 1998) (table).  Petitioner did not seek allocatur in the Pennsylvania Supreme Court.

On December 23, 1999, Petitioner filed a pro se petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA").  See 42 Pa. C.S.A. § 8541, et seq.  Petitioner's trial and direct appeal counsel, Jean Purnell, passed away on February 14, 2000.  Jeremy Gelb, Esquire, was appointed to represent Petitioner and filed an amended PCRA petition, alleging that trial counsel was ineffective for failing to: (1) call character witnesses; (2) call alibi witnesses; (3) file motions to bar retrial; and (4) investigate a delay between arrest and arraignment.  The amended petition filed by Attorney Gelb also

---

[2]Respondents note that Petitioner's full name is Kevin Tyrone Geary, and he was referred to as Kevin Geary at trial.  This was Petitioner's third trial.  His first, presided over by the Honorable Marvin R. Halbert, ended in a hung jury on October 29, 1992.  The second trial, held before the Honorable John J. Poserina, ended in another hung jury on September 22, 1993.

contained claims that direct appeal counsel, Attorney Purnell, had been ineffective for failing to raise these claims on appeal and for failing to seek allocatur in the Pennsylvania Supreme Court. The Commonwealth filed a motion to dismiss on the basis that the PCRA petition was time-barred. On April 27, 2001, the PCRA court dismissed the petition as untimely.

Petitioner appealed the PCRA court's dismissal in the Superior Court, and filed a pro se brief despite the fact that Attorney Gelb had not withdrawn his appearance. The Commonwealth responded to the appellate brief, and petitioner filed a pro se reply, implying that Attorney Purnell had died before he could file the PCRA petition, that her death had disrupted their communication, and that he filed his PCRA petition as soon as he became aware that she died. On November 1, 2002, without deciding the timeliness of the PCRA petition, the Superior Court vacated the PCRA court's dismissal and remanded the matter to the PCRA court to determine why petitioner filed a pro se appellate brief when Attorney Gelb had not withdrawn his appearance, and to appoint new counsel to file an appellate brief, unless there was a satisfactory reason for not doing so. Resp., Ex. B; Commonwealth v. Geary, 816 A.2d 327 (Pa. Super. 2002).

On remand, the PCRA court found that Attorney Gelb had not unilaterally abandoned petitioner, but had permitted petitioner to file a pro se brief at petitioner's insistence. At

3

petitioner's request, the court appointed Ronald M. Joseph, Esquire, as new counsel.  Attorney Joseph filed a "no merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988)(en banc).  In the Finley letter, counsel noted that although petitioner wished to raise claims including that trial counsel was ineffective for failing to present DNA evidence before the jury, that trial counsel was ineffective for failing to present alibi witnesses, and that the DNA evidence was newly discovered, Attorney Joseph reported that trial counsel had presented DNA evidence at trial, therefore it could not be considered newly discovered.  Mr. Joseph also noted that petitioner's ineffectiveness claims did not overcome the PCRA's time-bar.  Resp., p. 3 n.4.

     Petitioner appealed, and on August 19, 2003, the Superior Court again remanded to the PCRA court because counsel's Finley letter did not address petitioner's claim regarding how or if the death of his direct appeal counsel could relate to the timeliness of petitioner's December 23, 1999 PCRA petition. Resp., Ex. C; Commonwealth v. Geary, 833 A.2d 1145 (Pa. Super. 2003)(table).

     On December 1, 2003, instead of filing another Finley letter, Attorney Joseph filed an amended PCRA petition, which was treated by the PCRA court as a continuation of the proceedings

concerning the timeliness of the 1999 PCRA petition.  On December 18, 2003, the PCRA court permitted Attorney Joseph to withdraw, and appointed Scott F. Griffith, Esquire.  On June 30, 2005, counsel filed an amended petition, in which he requested re-testing of DNA evidence using a different and allegedly more particularized series of DNA tests.  He also sought an evidentiary hearing on his various claims that trial counsel, direct appeal counsel, first PCRA counsel, and second PCRA counsel had been ineffective in various ways that could have affected the timeliness of his 1999 PCRA petition.  On August 2, 2005, the Commonwealth filed a motion to dismiss the amended PCRA petition.  On October 31, 2005, the PCRA court held an evidentiary hearing to address the issue of the date of death of Attorney Purnell, and whether this caused petitioner's first PCRA petition to be untimely filed, i.e., the issue upon which the Superior Court had remanded the case.  On February 6, 2006, the PCRA court dismissed the amended PCRA petition as untimely and without merit.

Petitioner filed an appeal in the Pennsylvania Superior Court, containing the following claims:

> (1) was appellant's counsel ineffective in error for not acknowledging the denial/dismissal of the appellant's appeal in the Superior Court; (2) under the Sixth, Eighth, and Fourteenth Amendments, does this Court have the authoritive [sic] right to deprive the appellant of his right to be heard; (3) is an issue of DNA meritless,

>       where it can prove "guilt or innocence"; (4)
>       does DNA testing/results mandate the
>       exception rule to filing P.C.R.A.; and (5)
>       does law mandate that actual innocence claim,
>       and proofs, has [sic] "no" time limitations
>       for presentation/review.

Resp., Ex. D, pp. 3-4. The Superior Court found that the petition was untimely, and that no exceptions to the time of filing requirements pursuant to 42 Pa. C.S.A. section 9545(b)(1)(i)-(iii) applied.[3] Accordingly, the Superior Court affirmed the dismissal of the petition on December 28, 2006. Resp., Ex. D; <u>Commonwealth v. Geary</u>, 918 A.2d 785 (Pa. Super. 2006)(table).

Petitioner signed the instant Petition for Writ of

---

[3] 42 Pa. C.S.A. section 9545(b)(1)(i)-(iii) excuses the PCRA time-bar when:

>       (i) the failure to raise the claim previously
>       was the result of interference by government
>       officials with the presentation of the claim
>       in violation of the Constitution or laws of
>       this Commonwealth or the Constitution or laws
>       of the United States;
>
>       (ii) the facts upon which the claim is
>       predicated were unknown to the petitioner and
>       could not have been ascertained by the
>       exercise of due diligence; or
>
>       (iii) the right asserted is a constitutional
>       right that was recognized by the Supreme
>       Court of the United States or the Supreme
>       Court of Pennsylvania after the time period
>       provided in this section and has been held by
>       that court to apply retroactively.

42 Pa. C.S.A. §§ 9545(b)(1)(i)-(iii).

Habeas Corpus on December 15, 2006, and it was docketed by the Clerk of Court on January 5, 2007.  Pursuant to the prison mailbox rule, this Court will consider the date of filing as December 15, 2006.  <u>Burns v. Morton</u>, 134 F.3d 109, 113 (3d Cir. 1997)(motion is deemed filed on date petitioner gave petition to prison officials to mail).  Petitioner claims: (1) his statements and confession were coerced; (2) the police searched his home and arrested him without a warrant; (3) the prosecutor withheld evidence and the notes of testimony which contained the most damaging and coerced testimony were lost; and (4) a DNA issue.  (Pet., p. 9.)  The Petition was referred for preparation of a Report and Recommendation by the Honorable John R. Padova on April 4, 2007.  In their Response filed March 12, 2007, Respondents contend that the Petition is time-barred, that the principles of equitable tolling do not apply to excuse the untimeliness of the Petition, and that this case should be dismissed with prejudice and without an evidentiary hearing.

**II.     DISCUSSION**.

Petitioner's case must be decided pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which was enacted April 24, 1996.  Pub.L. 104-132, 110 Stat. 1214.  Section 104(2) of the AEDPA amended 42 U.S.C. section 2254, the statute under which this Petition was filed, and requires that federal courts give greater deference to a

state court's legal determinations.  The AEDPA also amended 28 U.S.C. section 2244, to require that a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  In this case, the applicable starting point to examine the limitations period is the latest date on which the judgment of sentence became final, either by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1).

Petitioner's judgments of sentence became final on November 20, 1998, thirty days after the Pennsylvania Superior Court affirmed the judgment of sentence and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired.  See 28 U.S.C. § 2244(d)(1)(A); Pa. R.A.P. 1113; 42 Pa. C.S.A. § 9545(b)(3).  Thus, the one-year time limit for Petitioner to timely file a federal Petition for Writ of Habeas Corpus began on November 20, 1998.

The AEDPA's one-year statute of limitations is subject to both statutory and equitable tolling.  28 U.S.C. § 2244(d) (enumerating statutory tolling provisions); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 540 U.S. 921 (2003) (holding AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception).  The limitations period will be statutorily tolled for the time during

which a "properly filed" application for state post-conviction or other collateral review is pending.  See 28 U.S.C. § 2244(d)(2).  The limitations period will be equitably tolled when the principles of equity would make the rigid application of a limitations period unfair.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  However, if a PCRA petition is untimely, it is not considered properly filed in order to toll the AEDPA one-year statutory time period.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Petitioner had until November 19, 1999, to file a timely PCRA petition.  Acting pro se, he filed a PCRA petition on December 23, 1999.  Thus, the PCRA petition was dismissed as untimely, and as Respondents note, after several years of appellate review, including remands, the dismissal of the untimely petition was affirmed.  The untimely PCRA petition did not toll the one-year AEDPA limitations period.  Pace, 544 U.S. at 417.  Accordingly, the instant Petition is time-barred because the deadline for timely filing the Petition was November 19, 1999, and Petitioner filed this Petition on December 15, 2006, over seven years late.

This Court must next examine whether the AEDPA statute of limitations should be *equitably* tolled.  Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003)(citation omitted).  The United States Court of Appeals for

the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)(citation omitted). The Petitioner "must show that he . . . 'exercised reasonable diligence in investigating and bringing [his] claims.' Mere excusable neglect is not sufficient." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)(quoting New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) and citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

Courts must be sparing in their use of equitable tolling. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999). The Third Circuit has set forth the following three circumstances in which equitable tolling is permitted: (1) if the [Respondent] has actively misled the [Petitioner]; (2) if the [Petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [Petitioner] has timely asserted his rights mistakenly in the wrong forum. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001)(citing Jones, 195 F.3d at 159 (citations omitted)).

Respondents note that Petitioner does not make a specific claim of equitable tolling. However, in Petitioner's

10

"Response to A.D.A.'s Response to Habeas Corpus Petition to Dismiss as Untimely," Petitioner claims that when the time limitation on filing his habeas petition expired, he was still waiting for a decision from the Superior Court. To that end, Petitioner claims that:

> I just a hearing on October 11, 2005, via. Video conference. The decision to dismiss was made final on or about February 6, 2006. My one (1) years time limit would have started running then! I also filed an appeal, back, to the superior Court of Philadelphia, which was timely, concerning the dismissal of my P.C.R.A. Upon waiting for the decision for that, petitioner desided it would be more feasible to file his Habeas Corpus petition, for the same reasons the A.D.A. is claiming now; to avoid it. And so, petitioner filed his Habeas Corpus on or about, December 15, 2007; Court filed January 10, 2007, beating a time bar by almost a whole month! See Exhibits attached hereto . . .
> Petitioner also filed a Motion of Stay in the Superior Court, pending the filing of his Habeas Corpus; also attached as exhibits hereto. Residing Judge was the Honorable Steven R. Geroff. The dates to prevent time bar were clearly met . . .
> Now here we go again! With this claim of time bar, to avert addressing the real issue(s), which are: DNA, which there is "no' time bar for, Total Innocence, again, which there is "no" time bar for, Prosecutorial Misconduct and Ineffective Assistnace of Counsel. Commonwealth v. Brooks, 875 A.2d 1141, Commonwealth v. Young, 873 A.2d 720 and Commonwealth v. Yarris, 731 A.2d 581, support petitoner's claims to the right to address, and have addressed his issue of DNA at this time; also in support of such is: Pa. C.S.A. § 9543.1.

Pet.'s Resp. to A.D.A.'s Resp., pp. 1-2. Despite these

arguments, Respondents correctly note that Petitioner does not contend that he has new evidence which was not previously available, and which demonstrates that he is factually innocent of the murders for which he confessed guilt.  Petitioner never explains how the 1993 letter he attaches to his Memorandum of Law concerning DNA evidence affects the untimeliness of his Petition.  Nothing about this claim excuses Petitioner's failure to diligently pursue his claims in this Court on or before his 1999 deadline.

Neither the United States Supreme Court nor the Third Circuit has addressed whether there is an "actual innocence" exception to the AEDPA statute of limitations.  See LaCava v. Kyler, 398 F.3d 271, 274 n.3 (3d Cir. 2005) (declining to address whether petitioner's actual innocence claim could overcome AEDPA time bar); Hussman v. Vaughn, 67 Fed. Appx. 667, 669 (3d Cir.) (finding petitioner had no basis to assert an actual innocence claim and declining to rule on issue)(not precedential), cert. denied, 540 U.S. 930 (2003).

Petitioner presented this "actual innocence" claim in his PCRA petition.  The Superior Court found this claim meritless when stated:

> Furthermore, post-conviction DNA testing does not directly create an exception to the one-year time-bar.  **See** 42 Pa. C.S.A. § 9543.1.  Rather, post-conviction testing allows a convicted individual to first obtain DNA testing that could then be used with a

>   PCRA petition to establish new facts in order to satisfy the requirement of an exception under 42 Pa. C.S.A. § 9545(b)(2). ***Commonwealth v. Weeks***, 831 A.2d 1194 (Pa. Super. 2003).
>       We also agree with the PCRA court that Appellant's request to be allowed to use more sophisticated DNA tests fails to satisfy the prima facie requirement of 42 Pa. C.S.A. § 9543.1. Although Appellant asserts his innocence in his amended PCRA petition, Appellant gave an inculpatory statement to the police. The trial court refused to suppress this statement. This Court rejected challenges on appeal concerning this statement. Appellant, thus, cannot take advantage of the provisions of 42 Pa. C.S.A. § 9543.1. ***See Commonwealth v. Young***, 873 A.2d 720 (Pa. Super. 2005)(defendant cannot assert a claim of actual innocence where the validity of a confession has been finally litigated).
>       Accordingly, having determined that Appellant's petition was untimely filed and that no exceptions apply, we affirm the order denying PCRA relief.

Resp., Ex. D, pp. 6-7. Assuming, <u>arguendo</u>, that an actual innocence exception does apply to the AEDPA statute of limitations. <u>Schlup v. Delo</u>, 513 U.S. 298, 321-324 (1995). <u>Schlup</u> requires that a petitioner must present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial" showing that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." <u>Id.</u> at 324, 327. Petitioner seeks DNA retesting to support his actual innocence argument.

To warrant equitable tolling, Petitioner must prove he

has in "some extraordinary way been prevented from asserting his ... rights" and he "exercised reasonable diligence in investigating and bringing [the] claims." Fahy, 240 F.3d at 244. In non-capital cases, the Third Circuit has held "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Id. (citations omitted). In this case, the Pennsylvania courts' consistent application of Pennsylvania law to Petitioner's attempt to file an untimely PCRA petition falls far short of the extraordinary circumstances demanded by Fahy.

In determining whether extraordinary circumstances exist to warrant the application of equitable tolling, this Court must examine Petitioner's due diligence in pursuing the matter under the specific circumstances he faced. Traub v. Folio, No. 04-386, 2004 WL 2252115, at *2 (E.D. Pa. Oct. 5, 2004) (citing Schleuter v. Varner, 384 F.3d 69 (3d Cir. 2004))(affirming dismissal of habeas petition as time barred and not entitled to equitable tolling because lengthy periods of time had elapsed following his conviction before he sought relief). It is Petitioner's burden to show that he acted with reasonable diligence and that the extraordinary circumstances caused his petition to be untimely. Id.

Under the circumstances of this case, Petitioner did

not act in a reasonably diligent fashion because a reasonably diligent petitioner would have acted promptly to preserve his rights not only in the state court, but also in *this* Court. Petitioner fails to allege any steps that he took to timely file the instant federal habeas petition.  Equitable tolling does not apply in this case to render the instant Petition timely.  The Petition is time-barred, and must be denied with prejudice and dismissed without an evidentiary hearing.

For all of the above reasons, I make the following:

### **RECOMMENDATION**

AND NOW, this 31st  day of May, 2007, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 should be DENIED with prejudice and DISMISSED without an evidentiary hearing. There is no probable cause to issue a certificate of appealability.

BY THE COURT:

/s/ Henry S. Perkin
HENRY S. PERKIN
United States Magistrate Judge