IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE GEARY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HARRY WILSON, ET AL. | : | NO. 07-59 |

**FILED**

JUL 18 2007

MICHAEL ..., Clerk
By_____ Dep. Clerk

## ORDER

AND NOW, this 16 day of July, 2007, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1), and after review of United States Magistrate Judge Henry S. Perkin's Report and Recommendation (Doc. No. 8), and consideration of Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 9), **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections are **OVERRULED**;

2. The Report and Recommendation of Judge Perkin is **APPROVED** and **ADOPTED**[1];

3. The Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED**;

4. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability under 28

---

[1] In his Objections to the Magistrate Judge's Report and Recommendation, Petitioner argues that the Magistrate Judge erred in concluding that his habeas petition was time-barred because it was filed on December 15, 2006, over eight years after his judgment of sentence became final on November 20, 1998. 28 U.S.C. § 2244(d)(1)(one-year limitation period running from date of final judgment). Specifically, Petitioner argues that there should be no time bar to a claim of actual innocence based on DNA evidence, which is one of his claims here. However, as the Magistrate Judge correctly explained, it is an open question as to whether there is an actual innocence exception to the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act. See generally Horning v. Lavan, 197 Fed. Appx. 90 (3d Cir. 2006). Moreover, even assuming that such an exception exists, it would not be applicable here because Petitioner identifies no new evidence of actual innocence. See Schlup v. Delo, 513 U.S. 298, 324 (1995) (actual innocence claim must be supported by "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.") In the absence of any such evidence, the Magistrate Judge also did not err in refusing Petitioner's request for an evidentiary hearing on the actual innocence claim.

U.S.C. § 2253(c)(2); and

5. The Clerk shall **CLOSE** this case statistically.

BY THE COURT:

John R. Padova, J.